**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael REVELS, Defendant–Appellant.**

**No. 01–3356.**

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2001.

Before KENNEDY, MOORE, and COLE, Circuit Judges.

Michael Revels appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In December 2000, Revels pleaded guilty to distribution of cocaine in violation of 21 U.S.C. § 841. Revels was sentenced to 15 months of imprisonment. Revels has filed a timely appeal.

On appeal, Revels's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issue for review: whether Revels was entitled to a reduction in his offense level based on his minor role in the offense under USSG § 3B1.2(b).

Upon review, we conclude that the record reflects that the district court properly sentenced Revels. A defendant may only

seek review of his sentence on the grounds that: 1) the sentence was imposed in violation of law; 2) the sentence was imposed as a result of an incorrect application of the guidelines; 3) the sentence represented an upward departure from the applicable guidelines range; or 4) the sentence is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994); *United States v. Lavoie*, 19 F.3d 1102, 1103 (6th Cir.1994).

Revels has not presented any issues which fit these criteria. Revels's total offense level was 14 and his Criminal History Category Score was I. This resulted in a total guidelines imprisonment range of 15–21 months. Thus, Revels's sentence of 15 months was within the applicable guidelines range.

Moreover, the district court properly denied Revels a reduction in his offense level based on his alleged minor role in the offense. *United States v. Owusu*, 199 F.3d 329, 337 & n. 2 (6th Cir.2000). To qualify for a reduction under § 3B1.2, a defendant must be less culpable than most other participants and substantially less culpable than the average participant. *United States v. Lloyd*, 10 F.3d 1197, 1220 (6th Cir.1993). A review of the record reflects that Revels's role in the offense was pivotal or necessary to its success. Thus, the district court properly declined to grant Revels a reduction for being a minor participant.

In addition, we have reviewed the record, including the transcripts of the plea and sentencing hearings, and have discovered no error warranting reversal of Revels's conviction or sentence. Revels entered a valid guilty plea. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). A review of the record reflects that Revels understood the rights he was waiving and the potential penalties associated with his crimes. In addition, Revels acknowledged his guilt to the crime.

Accordingly, we grant counsel's motion to withdraw, and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.